UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| LOCS OF GLORY, LLC, et al., ) | |
| ) | |
| ) | |
| ) | Case Number: 4:25-CV-00472 |
| Plaintiffs, ) | |
| ) | |
| v. ) | |
| ) | |
| ST. LOUIS DEVELOPMENT ) | |
| CORPORATION, et al., ) | |
| ) | |
| ) | |
| Defendant. ) | |

**FIRST AMENDED COMPLAINT FOR DECLARATORY JUDGMENT AND INJUNCTIVE RELIEF**

COME NOW Plaintiffs Locs of Glory, LLC, Tameka Stigers, and D.U.M.A.S. Mentors And Youth Services and state:

1. Plaintiffs seek a declaratory judgment and an injunction to require Defendants to adhere to the clear and unequivocal requirements of the equal protection clauses of the U.S. Constitution (14th Amendment) and the Missouri Constitution (Art. I. § 2) ("Equal Protection Guarantees"), the due process clauses of the U.S. Constitution (Amend. XIV, § 1) and the Missouri Constitution (Art. I, § 10) ("Due Process Guarantees") the Missouri Constitution, Art. VI, §§ 23, 25 ("Prohibition Against Grants Public Money For Private Purpose"); the American Rescue Plan Act (42 U.S.C. § 803; 31 C.F. R. 35.5 (use of funds)) ("ARPA"); and City of St. Louis Charter, Art. VIII, § 3 ("Prohibition Against Dissipation Of City Money").

**BACKGROUND**

2. Ordinance 71696 of the City of St. Louis ("City") acknowledges the City's receipt from the federal government of $37,000,000 in American Rescue Plan Act funds ("ARPA

Funds"). That ordinance also appropriated that money and designated Defendant St. Louis Development Corporation ("SLDC") to manage the ARPA funds pursuant to a sub-recipient agreement between the City and SLDC. Attached to the original Petition in this case as Exhibits A, B, and C are copies of the original sub-recipient agreement and two amendments thereto (collectively, "Agreement"). The Agreement disclaims in Art. VII.B, that SLDC is an agent of the City, but because the Agreement reserves to the City in Art. I.A the authority to control "all tasks" performed by SLDC, the City and SLDC have a principal-agent relationship.

## PARTIES

3. Plaintiff Tameka Stigers is a resident of the City, is also employed in the City and routinely pays taxes to the City.

4. Plaintiff Locs of Glory, LLC is a Missouri limited liability Company that is based in the City. It routinely pays taxes to the City. Plaintiff Stigers is the sole member of Plaitniff Locs of Glory.

6. Plaintiff D.U.M.A.S. Mentors And Youth Services is a Missouri for profit corporation that is based in the City. It routinely pays taxes to the City.

7. Defendant St. Louis City Development Corporation ("SLDC") is a Missouri not-for-profit corporation that serves the City as its economic development agency.

8. Defendant City is constitutional Charter City of the State of Missouri.

9. Venue is appropriate in this court pursuant to § 508.050, RSMo, which sets venue for a suit against a municipal corporation in the circuit court of the county in which it is situated.

## FACTS RELEVANT TO ALL CLAIMS

10. Beginning in 2021, the City received federal funding pursuant to the American Rescue Plan Act ("ARPA"). The SLDC administers ARPA grant programs pursuant to the

2

Agreement known as capacity building grants, stabilization grants, expansion grants, community enhancements grants, and community need grants, all of which are intended to benefit disproportionately impacted small business and nonprofits located principally in the north side of the City ("Grants"). SLDC promulgated specific standards and criteria with respect to its selection of applicants for awards of the Grants ("Criteria").

11. SLDC established October 30, 2023 as the deadline for applicants to apply for Grants.

12. Following the October 30, 2023 deadline, SLDC established a grace period expiring on December 15, 2023 for additional applicants to submit Grant applications. During the July, 2024 to September, 2024 time period, SLDC awarded grants to applicants on a rolling basis.

13. Following a public outcry in September, 2024, concerning the arbitrary and seeming illegality of SLDC's awards, SLDC announced that it was pausing the disbursement of funds to Grant recipients.

14. On November 21, 2024 SLDC commissioned Armanino LLC, an independent accounting firm, to review its Grant program.

15. On January 29, 2025 the Missouri State Auditor requested that SLDC provide it with all documents relating to the Grant program.

16. However, on February 20, 2025, and again on March 20, 2025 SLDC, approved more funding for the Grant awards. Thus, SLDC restarted its actual operations under the Grant program, lifting the pause that it had previously established on September 24, 2024. It did this despite the fact that, on information and belief, neither Armanino nor the Missouri State Auditor had completed a review of the Grant program.

3

17. Based on information and belief, to date, SLDC's total monetary amount of approved Grant awards exceeds $11,000,000 and the total amount of money that SLDC has actually given to Grant awardees exceeds $200,000.

18. Plaintiffs have no adequate remedy at law other than to file this lawsuit presenting equitable claims against SLDC and the City to ensure that SLDC and the City do not continue to operate the ARPA Grant programs unlawfully and to dissipate large sums of public money.

19. All Plaintiffs, other than Plaintiff Stigers, applied for Grant awards but none of them has received an award. However, multiple applicants received awards that were entirely unjustified and contrary to any rational application of the Criteria to the merits of those successful applicants' applications.

20. SLDC has violated, and threatens to continue to violate, the Equal Protection Guarantees, Due Process Guarantees, the Prohibition Against Grants Of Money For A Private Purpose, and the Prohibition Against Dissipation Of City Money, and ARPA through its arbitrary, capricious, unlawful and corrupt application of the Criteria to applications for Grant awards. SLDC has approved numerous Grant applications submitted by entities that either were non-existent or had no operations or locations in the City.

21. The Plaintiffs' (other than Plaintiff Stigers) equal protection rights were violated by the conduct of SLDC, acting as agent for the City, in awarding grants unlawfully and denying Plaintiffs' applications even though their applications were far more meritorious than many applications that SLDC approved. Thus, for purposes of equal protection analysis, these Plaintiffs were similarly situated to successful applicants but Plaintiffs have been treated unfavorably relative to the successful applicants, thereby causing these Plaintiffs' equal protection rights to be violated.

22. The City's agent, SLDC, has operated the ARPA Grant program in a manner that has been so arbitrary, unlawful and irrational that it violates the due process rights of the Plaintiffs (other than Plaintiff Stigers); further, SLDC has dissipated City money through its administration of the ARPA Grant program, thereby violating the Prohibitions Against Grants Of Public Money For Private Purpose, the Prohibition Against Dissipation Of City Money, and the ARPA statutes and regulations.

23. Attorneys' fees are appropriate where a political subdivision violates the law and relies on or gives wrong information. *Law v. City of Maryville*, 933 S.W.2d 873, 878 (Mo. App. 1996) (upholding fee award where city gave tenants and potential purchasers of a property wrong information about the meaning of city ordinances by telling them zoning laws only permitted a small set of uses for a property).

24. Attorneys' fees are also available when "special circumstances" or "very unusual circumstances are necessary to balance the equity" in litigation. *Bernheimer v. First Nat. Bank of Kansas City*, 359 Mo. 1119, 225 S.W.2d 745 (1949) (approving of attorneys' fee award in the absence of a statute providing attorneys' fees, where special circumstances existed in equity case), see *Mayor, Councilmen & Citizens, Etc. v. Beard*, 636 S.W.2d 330, 331 (Mo. banc 1982); *Washington Univ. v. Royal Crown Bottling*, 801 S.W.2d 458, 468-69 (Mo. App. 1990); see also *Goines v. Mo. Dep't of Soc. Servs.*, 364 S.W.3d 684, 688 (Mo. App. 2012) (fees are appropriate where equity demands a balance of benefits); *Klinkerfuss v. Cronin*, 289 S.W. 3d 607, 619 (Mo. App. 2009).

25. Moreover, special or unusual circumstances are present here, as there is a need to balance the equity between Defendants' ready availability of legal counsel, and the relative

5

inability of Plaintiffs to hire counsel in order to ensure that public funds are not misspent via an unlawful and unconstitutional Gran program.

26. Denying Plaintiffs the payment of their attorneys' fees creates would work inequity where, as here, a political subdivision has, through its agent, dissipated public monies unlawfully and continues to threaten to continue that misconduct.

27. Fees can be awarded in any action "where very unusual circumstances exist so it may be said that equity demands a balance of benefits." *Goines v. Missouri Dept. of Social Services*, 364 S.W.3d 684, 689-90 (Mo. App. W.D. 2012).

28. An award of fees to Plaintiffs is particularly appropriate here given the circumstances, which demonstrate a deliberate disregard for the Missouri Constitution, the City Charter and federal laws by a political subdivision and its agent.

## COUNT I – DECLARATORY JUDGMENT AND INJUNCTIVE RELIEF

29. Plaintiffs incorporate the allegations contained in paragraphs 1-28, above.

30. Missouri Rule of Civil Procedure 87.02(a) and Mo. Rev. Stat. § 527.020, RSMo, authorize a declaratory judgment action to determine any question of construction of laws and to obtain a declaration of rights, status or other legal relations thereunder.

31. This Court should issue a declaratory judgment as to the constitutionality and lawfulness of SLDC Grant award practices.

32. Section 527.100, RSMo, authorizes an award of "costs" to the prevailing party in a declaratory judgment action. Specifically, that statute authorizes the circuit court to award "costs as may seem equitable and just". Missouri courts recognize special circumstances in which an award of costs under Section 527.100 entitles the prevailing party to recovery of its

attorneys' fees and litigation expenses, such as when a decision is made without substantial legal grounds or is reckless, arbitrary or in bad faith.

WHEREFORE, Plaintiffs request that this Court:

(a) Enter a declaratory judgment providing that the City's and its agent's administration of ARPA Grant program has been unconstitutional and otherwise unlawful for the reasons stated above;

(b) Issue a preliminary injunction, and a permanent injunction, prohibiting Defendant SLDC and Defendant City, and anyone acting in concert with either of them, from expending any public funds in furtherance of ARPA Grant Program; and

(c) Provide Plaintiffs an award of costs and attorney's fees to Plaintiffs, and such other relief deemed by this Court to be just.

**KISTNER, HAMILTON, ELAM & MARTIN, LLC**

By: /s/ Elkin L. Kistner
Elkin L. Kistner                   #35287MO
Sean M. Elam                       #56112MO
1406 North Broadway
St. Louis, MO 63102
Telephone: (314) 783-9867
Facsimile: (314) 944-0950
E-mail: elkinkis@law-fort.com
E-mail: smelam@law-fort.com
*Attorneys for Plaintiffs*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing document was served this 12th day of June, 2025 via the Court's electronic filing system to all counsel of record.

/s/ Elkin L. Kistner